UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 25-CV-1743 (RER) (CLP)

DEONNE KIRKLAND

VERSUS

KAREN POWELL, ET AL.

**MEMORANDUM & ORDER**

**RAMÓN E. REYES, JR., District Judge:**

Plaintiff Deonne Kirkland ("Plaintiff"), currently being held at the Rose M. Singer Center ("RMSC") at Rikers Island, brings this action *pro se* against RMSC law library personnel Karen Powell and Patrick MBaya, and New York City Department of Correction Commissioner Lynelle Maginley-Liddie (collectively "Defendants"), pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 5.) Plaintiff's request for pro bono counsel is denied without prejudice. (ECF No. 2.) For the reasons discussed below, the Complaint is dismissed. Plaintiff is granted until June 23, 2025, to file an amended complaint.

1

## BACKGROUND

Plaintiff alleges that she has been held at RMSC since September 22, 2022, and has been continuously denied access to the law library and legal resources.[1] (ECF No. 1 at 3–4.) Plaintiff states that library hours conflict with her recreation period, causing her to have to choose between the two. (*Id*. at 4.) Plaintiff also argues that the staff member overseeing the library frequently arrives without a notary stamp and that equipment such as printers and copiers were nonfunctional for months at a time. (*Id*.) Plaintiff further alleges that it takes months to receive discovery materials for her state criminal case, she has not had consistent access to a laptop or tablet needed to review those materials, and legal materials are left unsecured. (*Id*.) Plaintiff seeks money damages, and for defendants to be removed from their positions. (*Id*. at 5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

---

[1] Plaintiff has pending criminal charges in Kings County Criminal Court stemming from her September 22, 2022 arrest, and she has assigned counsel in that criminal action. *See People v. Kirkland*, No. IND-75103-22/001.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

## DISCUSSION

A. Section 1983

Plaintiff brings this action under Section 1983 which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal

3

rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *See also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015).

B. Access to the Courts

Incarcerated litigants have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds v. Smith*, 430 U.S. 817, 824-28 (1977)). Safeguarding these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds*, 420 U.S. at 821, 828). However, assistance from prison authorities is "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quotation marks omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious

legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (quoting *Cancel v. Goord*, No. 00 Civ. 2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001)) (internal quotation marks omitted). To demonstrate actual injury, a plaintiff must allege: (a) a valid underlying cause of action separate from the right-of-access claim; and (b) frustration or hindrance of the litigation caused by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)).

Furthermore, when a prisoner with appointed counsel claims that prison officials hindered her efforts to defend herself or pursue other legal claims, "[s]he must show that, on the facts of [her] case, the provision of counsel did not furnish h[er] with the capability of bringing h[er] challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff is a pretrial detainee who claims she was denied access to a law library to prepare for her upcoming criminal court proceedings. However, she does not provide any facts showing that she is pursuing a "nonfrivolous, 'arguable' underlying claim" that has been hindered by the lack of law library access. *Harbury*, 536 U.S. at 415. Moreover, even if Plaintiff, who is represented by counsel in her criminal proceeding, is pursuing a meritorious legal issue arising from her criminal proceedings, she also does not allege any facts explaining why her counsel would be unable to assert those claims on her behalf. *See Bourdon*, 386 F.3d at 98.

**CONCLUSION**

Accordingly, the Complaint is dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A. Plaintiff's request for pro bono counsel is denied without prejudice.

In light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the Court will allow Plaintiff until June 23, 2025, to file an Amended Complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should Plaintiff elect to file an Amended Complaint, it must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting Plaintiff's claims. Plaintiff must name as defendants the correctional staff who personally violated her rights.[2] Plaintiff must also include facts showing that she was hindered from pursuing an arguably meritorious legal claim for which she is not represented by counsel.

Plaintiff must identify the defendants in both the caption and the body of the Amended Complaint. Plaintiff must also provide the dates and locations for each relevant event.

The Amended Complaint will completely replace, not supplement, the original complaint. The Amended Complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 25-CV-1743 (RER) (CLP).

No summons shall issue at this time and all further proceedings shall be stayed. Any Amended Complaint that Plaintiff elects to file will be reviewed for sufficiency. If

---

[2] Plaintiff is advised that "in a suit brought under § 1983, a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." T*angreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

Plaintiff fails to amend the complaint by June 23, 2025, as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered dismissing this casew.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff, along with a prisoner civil rights complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Hon. Ramón E. Reyes, Jr.
Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.05.23 14:02:44 -04'00'

_____
Ramón E. Reyes, Jr.
United States District Judge

Dated: May 23, 2025
       Brooklyn, New York